UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**In re:**
**INDIA SYMMONE MURRY,**                         CASE NO.: 23-05088-RLM-7

       **Debtor.**                                    Chapter 7

---

**INDIA SYMMONE MURRY,**

       **Plaintiff**

  **vs.**

**UNITED STATES OF AMERICA**                     ADV. PRO. CASE NO.:
**DEPARTMENT OF EDUCATION**

       **Defendant.**

---

**DEBTOR *INDIA SYMMONE MURRY* COMPLAINT TO DETERMINE
FEDERAL STUDENT LOANS DISCHARGEABLE FOR "UNDUE HARDSHIP"
UNDER 11 U.S.C. § 523(a)(8)**

### Nature of Action

1. This is an adversary proceeding by which the Debtor/Plaintiff, India Symmone Murry (hereinafter "Murry") seeks a declaration that Federal student loans constitute an undue hardship for Murry and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On November 14, 2023, Murry filed a Voluntary Petition in the United States Bankruptcy Court for Southern District Indiana, Indianapolis Division for relief under 11 U.S.C. § 727, Chapter 7 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

**Parties**

6. Murry is the Debtor and Plaintiff in the above captioned case. She is the recipient of Federal student loans.

7. Defendant, United States of America Department of Education (hereinafter "DOE"), is a federal agency that oversees and originates Federal student loans. It is the originator and holder of the loans at issue.

**Factual Allegations**

8. India Symmone Murry is a resident of Indianapolis, Indiana. She is 29-years-old and lives alone.

9. Currently, there are seven (7) federal loans in a principal balance of $15,350.00, plus interest of $11.00, totaling $15,361.00.

    a. Direct Subsidized with a current balance of $1,750.00. It is currently in active bankruptcy.

    b. Direct Subsidized with a current balance of $1,700.00. It is currently in active bankruptcy.

    c. Direct Subsidized with a current balance of $1,700.00. It is currently in active bankruptcy.

    d. Direct Subsidized with a current balance of $6,000.00. It is currently in active bankruptcy.

e.  Direct Unsubsidized, with a current balance of $1,100.00. It is currently in active bankruptcy.

f.  Direct Unsubsidized, with a current balance of $200.00. It is currently in active bankruptcy.

g.  Direct Unsubsidized, with a current balance of $2,900.00. It is currently in active bankruptcy.

10. If these loan(s) were not in deferment, the standard payment collectively would be $162.85 per month.

11. Murry has taken one (1) additional student loan since the filing of her Chapter 7 bankruptcy. Murry is not seeking to discharge that student loans.

12. Murry is unable to afford the standard payment as her expenses exceed her income. Murry's household income consists of her gross income of $3,290.00.

13. Murry has not at this time completed her degree.

14. Murry was not able to make payments on these loans because when the loans entered repayment, her ability to afford the basic necessities of life exceeded her monthly income.

15. Murry filed bankruptcy to free herself of financial burden to enable her to maintain a basic sense of living.

16. Murry has maximized her income while reducing her expenses. Murry's basic monthly living expenses are at least $3,290.00. Currently, she resides with alone, and in the least expense housing in her area. Additionally, Murry has made changes in her lifestyle to lower utilities, food and other miscellaneous expenses.

17. Murry's current employment is not likely to increase in income to the point that these loans will be affordable.

18. Murry is unable to work a second job because he does not have time while also attending classes. Williams does accept overtime when it is offered to supplement his income.

## Claims for Relief

*Declaration that Any Federal Student Loan Obligations Should be*

*Discharged Pursuant to Section 523(a)(8)*

19. Murry repeats and realleges the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The repayment of Federal student loans made by Murry would be an undue hardship to her. She is unable to obtain any reasonable credit so long as these debts remain on her credit.

21. Congress intended student loan debts to be dischargeable when not doing so would serve to frustrate the "fresh start" of the Bankruptcy Discharge. As such, Murry's Federal student loan obligation should be discharged pursuant to Bankruptcy code section 523(a)(8).

22. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

23. Debtor, India Symmone Murry, by counsel hereby gives notice that she consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

WHEREFORE, the Debtor, India Symmone Murry, respectfully requests this Court to enter an order finding that excepting her student loans from discharge would impose an undue

hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Dated at Indianapolis, Indiana, this 16th day of January, 2024

        Respectfully Submitted,

        */s/ India Symmone Murry*
        India Symmone Murry
        *Debtor/Plaintiff*

        By her attorney,

        */s/ Keith E. Gifford*
        Keith E. Gifford
        *Attorney for Debtor/Plaintiff*

SAEED & LITTLE, LLP
8777 Purdue Road, Suite 106
Indianapolis, IN 46268
P#: (317) 685-2426
F#: (317) 636-8686
EM: keith@slbankruptcy.com